IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORMAN CHARLES OLIVER, #1544372, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-1254-B (BK) | |
| § | | |
| DAVID BROWN, Chief of Police, § | | |
| Dallas Police Department, et al., § | | |
| Defendants. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening.

### I. BACKGROUND

Plaintiff, a state inmate currently confined within the Texas Department of Criminal Justice, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Dallas Chief of Police David Brown and two unidentified employees, a corporal and a police officer. The court did not issue process in this case pending preliminary screening.

The complaint alleges that on July 19, 2008, an unidentified corporal failed to intervene when a Spanish gang chased and assaulted Plaintiff. The corporal then detained Plaintiff instead of pursuing and arresting his attackers. During the ensuing events, the corporal allegedly denied Petitioner's request for medical care and "abused [him] with pushes, stomps, threats, and racial names . . . ." (Doc. 1 at 6.) Subsequently, the corporal escorted Plaintiff to a Detox Station where an unidentified officer denied his requests for medical assistance. The next morning, after release from the Detox Station, emergency personnel refused his renewed pleas for medical care.

Plaintiff requests monetary compensation. (Doc. #1 at 10).[1]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Those statutes provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

Plaintiff's action is time barred. More than two years have elapsed since the events giving rise to his claims occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (state forum's personal injury statute of limitations applies in a section 1983 case); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2010).

Plaintiff concedes the alleged illegal stop, search and seizure, and unlawful assaults

---

[1] In addition, Plaintiff requests that all defendants be disciplined and punished for their crimes under state and federal law. (Doc. #5 at 10.) Such a request is not cognizable in a section 1983 action. The prosecution of state or federal criminal offenses falls within the exclusive jurisdiction of the executive branch of the state and federal government. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (*per curiam*) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990) (the decision to file or not to file criminal charges falls within this category of acts that will not give rise to liability under section 1983).

occurred on July 19, 2008. *See Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). Therefore, Plaintiff's complaint is clearly barred by the two-year statute of limitations.[2]

Plaintiff cannot demonstrate that he is entitled to equitable tolling of the limitations period as a result of a "legal disability." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West 2010) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). Nor does his imprisonment toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Accordingly, Plaintiff's complaint lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

---

[2] The earliest possible date on which Plaintiff's complaint can be deemed filed is October 12, 2010, the date he signed it and presumably handed it to prison officials for mailing. (Doc. #1 at 5.) *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (relying on *Houston v. Lack*, 487 U.S. 266 (1988), to hold that a *pro se* prisoner litigant's section 1983 complaint is filed as soon as the pleading is deposited into the prison mail system).

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

3

SIGNED November 24, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4