IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORMAN CHARLES OLIVER, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:10-CV-2154-B-BK |
| § | | |
| DAVID BROWN, Chief of Police, § | | |
| Dallas Police Department, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and the District Judge's June 26, 2012, order, this civil rights case was referred to the undersigned following remand from the United States Court of Appeals for the Fifth Circuit. For the reasons that follow, this action should be dismissed in part as frivolous.

**I. BACKGROUND**

Plaintiff, a state inmate, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Defendants Dallas Chief of Police David Brown and unidentified police officers and emergency personnel, alleging violations of his constitutional rights following an assault by gang members on July 19, 2008.[1] This Court summarily dismissed the case as time barred because Plaintiff had signed the complaint in October 2010, more than two years after the July 2008 incident. (Doc. 10, 15, 16). The Court of Appeals remanded for factual development of whether Plaintiff delivered a section 1983 complaint to prison officials for mailing before the limitations period elapsed. *Oliver v. Brown*, 470 Fed. App'x 410 (5th Cir. 2012) (*per curiam*) (Doc. 34).

---

[1] Although Plaintiff presently resides in Dallas, he initially filed this action in the United States District Court for the Southern District of Texas while incarcerated in a state prison.

Subsequently, the Texas Department of Criminal Justice (TDCJ) provided to the Court copies of notary logs and mail logs, and Plaintiff filed *Answers to the Magistrate Judge's Questionnaire*. (Doc. 40, 42). In the latter, Plaintiff names for the first time the unidentified Dallas Police Officers as Jonathan Profit, Josie McEntire, and James Lewis. (Doc. 40, Ans. 5). No process has been issued.[2]

## II. ANALYSIS

The Court deems Plaintiff's complaint timely filed as of July 8, 2010, eleven days before the two-year limitations period elapsed on July 19, 2010. TDCJ's Notary Log reflects that on July 8, 2010, Plaintiff requested and obtained a certified statement of his inmate trust account. (Doc. 42 at 2). On the same day, as sworn in his answer to the *Questionnaire*, Plaintiff delivered a complaint form and motion to proceed *in forma pauperis*, with a statement of inmate trust account, to prison officials for mailing. (Doc. 40, Ans. 1). The next day, as reflected in the outgoing mail log, prison officials mailed legal correspondence belonging to Plaintiff (presumably his complaint, *in forma pauperis* motion, and certificate of inmate trust account) to the United States District Court for the Southern District of Texas. (Doc. 42 at 4). Even though the pleadings were never received, Plaintiff appears entitled to the benefit of the mailbox rule because he delivered the complaint to prison officials for mailing within the limitations period. *See Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011) (per curiam) (habeas petitioner was entitled to benefit of "mailbox rule" as of moment his document was delivered to prison officials for mailing to district court clerk).

---

[2] Although Plaintiff is no longer incarcerated, the Court granted his renewed motion to proceed *in forma pauperis* (Doc. 41, 43).

2

Notwithstanding its timeliness, an *in forma pauperis* complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That section provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, this case should be dismissed in part as frivolous.

Assuming a constitutional violation,[3] Plaintiff's pleadings do not allege any direct involvement by Defendant Brown. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action). Rather, Plaintiff concedes he is suing Brown only because he anticipated Brown's assistance, in his capacity as chief, in identifying the unknown police officers. (Doc. 40, Ans. 4). Plaintiff's claims against Defendant Brown are legally frivolous.

Likewise, Plaintiff's claims that Officers Profit, McEntire, and Lewis failed to protect

---

[3] To state a claim under section 1983, a plaintiff must allege facts that show that (1) he has been deprived by Defendants of a right secured by the Constitution and the laws of the United States, and (2) the Defendants were acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

him from the gang assault/beating that preceded his arrest lack any basis in law. (Doc. 40, Ans. 5, 6, 8). In a non-custodial setting, failing to protect an individual from violence by a third party does not violate the Fourteenth Amendment. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 195 (1989) (holding that, as a general matter, a state's "failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause"); *McClendon v. City of Columbia*, 305 F.3d 314, 324-27 (5th Cir. 2002) (summarizing cases). Only when the State, by its affirmative exercise of power, has custody over an individual involuntarily or against his will does a "special relationship" exist between the individual and the state.[4] *McClendon*, 305 F.3d at 314. Therefore, Officers Profit, McEntire, and Lewis's alleged inaction during the gang beating that preceded Plaintiff's arrest does not rise to a due process violation.

Plaintiff's equal protection claim fares no better. Plaintiff does not allege that the police officers treated him differently from other similarly situated individuals. *See Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) (citing *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985)) (to maintain an equal protection claim, a plaintiff must allege that he was treated differently than other similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent). Plaintiff only asserts:

> without regard to race . . . color and sex[,] the officers . . . have the duty and obligation to provide protection to all citizen, and [that] on 7-20-08 the Dallas Police Department Officer's [sic] Cpl. Proffitt and the other officers 'on the scene' denied the Petitioner all equal protection guarantees by witnessing a

---

[4] The only other exception is the state-created danger theory, which holds that a state official has a duty to protect an individual from harm when state action creates or exacerbates a danger to the individual. *See Kovacic v. Villarreal*, 628 F.3d 209, 214 (5th Cir. 2010). None of the facts proffered by Petitioner give rise to that theory in this case.

4

> disturbance in process" and "consciously decided to let it happen instead of preventing it as is his sworn duty.

(Doc. 40, Ans. 9). He does not identify any similarly situated individuals who were not African-Americans and who were treated more favorably by the police officers. His pleadings present nothing more than general, conclusory allegations based on his own personal impression that the police officers violated his equal protection rights. *See Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (*per curiam*) (dismissing as frivolous vague, conclusory allegations of equal protection violation). Therefore, Plaintiff's equal protection claim is legally frivolous.

The same applies to his freedom of speech claim. Plaintiff's bare allegation that, "[a]fter the attack by the Spanish Group[,] the Police Officers denied . . . [Plaintiff] the ability to talk and explain what had happened or call for help" (Doc. 40, Ans. 10), does not rise to the level of a constitutional violation. In addition, the police officers' alleged "racial vulgarities, i.e. n-word, black fatherless son, stupid n-word" (Doc. 40, Ans. 12), do not present a cognizable constitutional claim. *See Winbush v. Hilton*, 2008 WL 5582437 *15 (W.D. La. June 2, 2008) (extending holding in *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), that neither verbal abuse nor harassment by prison guards amounts to an Eighth Amendment violation, to verbal abuse and harassment at time of arrest); *Demarsh v. Kunkle*, 3:06-CV-2006-M, 2007 WL 328804 *3 (N.D. Tex. Feb. 5, 2007) (reaching same conclusion in context of traffic altercation and wrongful arrest).

Next, Plaintiff alleges that, during his arrest, Officer Proffitt "took all possession from [him] and all [his] money." (Doc. 1 at 8). Whether intentional or negligent, "random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under

5

section 1983 when adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Combs v. City of Dallas*, 289 Fed. App'x 684, 687 (5th Cir. 2008) (extending *Hudson* to police officers' failure to return personal property confiscated during arrest). Texas law provides adequate state post-deprivation remedies, including a state action for the Texas tort of conversion. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994)). Because Plaintiff has available state post-deprivation remedies, his claim based on the alleged seizure of money and possessions by the police officers during arrest is legally frivolous under *Hudson*. *See Paris v. Dallas Police Dept.*, 3:12-CV-0296-G-BH, 2012 WL 2520779 (N.D. Tex. Jun. 5, 2012), recommendation accepted, 2012 WL 2513470 (N.D. Tex. Jun. 29, 2012) (dismissing as frivolous claim of theft of property by police officers during arrest).

Lastly, Plaintiff alleges that Officer Proffitt "falsely arrested [him] for Public Intoxication instead of robbery." (Doc. 40, Ans. 5). However, Plaintiff admits he was neither arrested nor charged with any criminal violation, but only taken to a detoxification facility. *Id.*, Ans. 3. Because his pleadings are devoid of any allegation that Officer Proffit lacked probable cause to arrest him, Plaintiff's false arrest claim is legally frivolous. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (to maintain a false arrest claim, a plaintiff must allege that the police officer did not have probable cause to arrest him).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that all Plaintiff's claims against Defendant Brown be DISMISSED with prejudice as frivolous. It is further recommended that Plaintiff's claims against Defendants Profit, McEntire, and Lewis for failure to protect, equal protection,

6

freedom of speech, verbal abuse and harassment, deprivation of property, and false arrest also be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).[5]

SIGNED October 31, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] Contemporaneously with this recommendation, the Court has ordered the issuance of process on Defendants Profit, McEntire, and Lewis as to Plaintiff's claims of excessive use of force during arrest and failure to provide medical care or aid following arrest.

7