IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORMAN CHARLES OLIVER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:10-CV-2154-B-BK |
| | § | |
| | § | |
| OFFICER JONATHAN PROFFITT, et al., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSION, and RECOMMENDATION

This case has been referred to the undersigned for pretrial management. (Doc. 36). The Court now considers Defendant Jonathan Proffitt's *Motion for Summary Judgment on Qualified Immunity* (Doc. 59) and Defendants James Lewis' and Josie Hertel's[1] *Motion for Summary Judgment on Qualified Immunity*. (Doc. 62). For the following reasons, it is recommended that the motions be **GRANTED**.

## Background

Plaintiff Norman Charles Oliver filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Defendants, all Dallas Police Department officers, alleging excessive force in violation of his constitutional rights following his arrest on July 19, 2008.[2] (Doc. 1, *passim*).

On December 3, 2012, the undersigned entered a Scheduling Order which established deadlines for briefing the defense of qualified immunity raised by Defendants in this case. (Doc. 57). Defendants timely filed their summary judgment motions on December 24, 2012 and

---

[1] Officer Josie Hertel's surname was formerly McEntire.

[2] The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).

December 27, 2012. (Docs. 59, 62). Under the Scheduling Order, if Plaintiff opposed the motions, his response was due no later than February 4, 2013. (Doc. 57). To date, however, Plaintiff has failed to respond. Consequently, the Court's review is limited to the merits of Defendants' motions and supporting evidence.[3][4] (Doc. 40).

Defendant Proffitt argues that, as a police officer, he is entitled to qualified immunity from liability because the force he used to arrest Plaintiff was objectively reasonable. (Doc. 59 at 1-2; Doc. 60 at 10). Defendant Proffitt avers that prior to Plaintiff's arrest, he observed that Plaintiff matched the description of a robbery suspect. (Doc. 60 at 11). Defendant Proffitt contends that he further observed that Plaintiff appeared to be intoxicated "to such an extent that he was a danger to himself and others," and he subsequently arrested Plaintiff for public intoxication. *Id.* Defendant Proffitt maintains that he used lawful, reasonable force to restrain Plaintiff. *Id.* Attached to his motion is his sworn affidavit, which recounts the summarized events in his brief. (Doc. 61-1).

Additionally, Defendant Proffitt asserts that Plaintiff's claims against him are barred by the two-year statute of limitations because Plaintiff did not identify Proffitt as a defendant until July 31, 2012 -- more than two years after the statute of limitations expired on July 19, 2010. (Doc. 60 at 12).

---

[3] Failure to respond to motion for summary judgment does not permit the court to enter a default summary judgment, although the court may accept the moving party's evidence as undisputed. *See Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, C.J.).

[4] Ordinarily a *pro se* litigant's sworn answers to a magistrate judge's questionnaire are considered competent summary judgment evidence as part of the record. But if, as here, the *pro se* litigant "fails to refer to items on the record, the evidence is not properly before the court in deciding whether to grant the motion." *Bookman*, 945 F. Supp. at 1004 ("if a plaintiff fails to respond to a properly supported summary judgment motion, [he] cannot meet [his] burden of designating specific facts showing that there is a genuine issue for trial.") (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

Defendants Lewis and Hertel argue that they also are entitled to qualified immunity because Plaintiff cannot establish that he was subjected to excessive force by them, as they both were off duty at the time of Plaintiff's arrest. (Doc. 63 at 10). Defendants Lewis and Hertel offer the sworn affidavit of Lewis, in which he avers that neither was on duty on the date of the incident made the basis of this suit, but that both were involved in a different arrest of Plaintiff in September 2008. (Doc. 64-1 at 1-3). In addition to their affidavits, Defendants Lewis and Hertel proffer their time cards which indicate they were not on duty on July 20, 2008, the date Plaintiff alleges he was subjected to excessive force. (Doc. 64-1 at 1, 6-7).

Defendants Lewis and Hertel also assert a statute of limitations bar because, as with Defendant Profitt, Plaintiff first identified Lewis and Hertel as defendants on July 31, 2012, which was more than two years after the limitations period expired. (Doc. 63 at 11).

**Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In the context of a summary judgment motion on the issue of qualified immunity, the defendant need only assert the defense in good faith, and is not required to present evidence. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633-34 (5th Cir. 2000). Once raised, the burden of negating the defense of qualified immunity lies with the Plaintiff. *Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001). Plaintiff must "come forward with specific facts showing that there is a genuine issue for trial." *Id*. However, when a plaintiff does not respond to a summary judgment

motion, a court is permitted to accept the defendants' evidence as undisputed. *Bookman*, 945 F. Supp. at 1002.

   *1. Statute of Limitations*

"Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period." *Gartrell v. Gaylor*, 981 F.2d 254, 256-57 (5th Cir. 1993) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Texas, the applicable limitations period is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a).; s*ee also Flores v. Cameron County*, 92 F.3d 258, 271 (5th Cir. 1996) (holding that because Congress has not provided a statute of limitations period for failure to provide medical care under 42 U.S.C. 1983, Texas's two year statute of limitations period for personal injury actions should be adapted).

While a civil rights action may be initiated against unknown defendants,[1] Plaintiff's attempt (in his answers to the Magistrate Judge's Questionnaire) to substitute Officers Proffitt, Hertel, and Lewis for the unknown defendants was untimely, coming more than two years after the expiration of the applicable limitations period. Because answers to a questionnaire amplify the allegations in the original complaint, they are treated as an amendment to the complaint. *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (citing *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)), *overruled on other grounds*, *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, under Rule 15(c) of the Federal Rules of Civil Procedure, an amendment to substitute a named defendant for a previously unidentified one does not relate back to the date of the original complaint. *Jacobson v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

---

[1] *See Gage v. Unknown Dallas Police Officer,* 3:11-CV-1599-D-BH, 2011 WL 5979386, at *1 (N.D. Tex. Sept. 22, 2011) (Ramirez, M.J.)  report and recommendation adopted, 3:11-CV-1599-D, 2011 WL 5985595 (N.D. Tex. Nov. 29, 2011) (summarizing case law applicable to civil actions initiated against unknown defendants).

Moreover, equitable tolling is appropriate only where the plaintiff did not wait until the end of the limitations period to file suit. *Compare Green v. Doe*, 260 Fed. App'x 717, 719-20 (5th Cir. 2007) (unpublished *per curiam*) (finding entitlement to equitable tolling because the plaintiff filed suit eleven months before limitations expired and diligently sought to discover the identity of the Doe defendant but had been prevented from doing so by repeated denials of his discovery motions); *with Gage*, 2011 WL 5979386, at *3 (collecting cases finding no entitlement to equitable tolling because the plaintiff filed suit less than two weeks before expiration of the limitations period and, thus, failed to allow adequate time to discover the identity of the Doe defendant).

In this case, even when Plaintiff's pleadings are liberally construed to request equitable tolling, there is no explanation of why he could not have filed this suit earlier. Plaintiff was obviously aware of the July 19, 2008 incident upon which his claims are based since its occurrence. Yet he did not place his complaint in the prison mail until July 8, 2010 – only eleven days before the two-year limitations period expired. *See* Doc. 44 at 2 (deeming complaint filed on July 8, 2010). Plaintiff's belated filing did not allow sufficient time to discover the identities of the unknown defendants before the limitations period elapsed.[2] *See Gage*, 2011 WL 5979386, at *3; *Spencer v. Doe*, 3:10-CV-1801-N-BH, 2011 WL 3444336, at *3 (N.D. Tex. June 2, 2011) (Ramirez, M.J.), *recommendation adopted*, 2011 WL 3468383 (N.D. Tex. Aug. 4, 2011) (rejecting equitable tolling because the plaintiff, who placed his complaint in prison mail only two weeks before limitations elapsed, did not claim he was unaware of the limitations period or was prevented from preparing or mailing the complaint). Having failed to pursue his claims diligently, Plaintiff is not entitled to equitable tolling of the statute of limitations as it

---

[2] Plaintiff did not submit his *Motion to Proceed to File Discovery* until November 2010, more than three and one-half months after the two-year limitations period expired. (Doc. 8).

relates to naming the unidentified defendants long after the limitations period expired. Therefore, his remaining claims against Defendants Profitt, Hertel, and Lewis should be dismissed as barred by the statute of limitations.[5]

### 2. Qualified Immunity

Even if Plaintiff's claims against Defendants Profitt, Hertel, and Lewis are not barred by limitations, summary judgment should be granted for each Defendant based on his qualified immunity from liability. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoted citation omitted). Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved as early as possible in the litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The qualified immunity inquiry is two-pronged: (1) whether the defendant's conduct violated a constitutional right, and (2) whether the defendant's conduct was objectively unreasonable in light of clearly-established law at the time of the violation. *Pearson*, 129 S.Ct. at 816. A court can begin its assessment with either prong. *Id*. at 818 (overruling in part *Saucier v. Katz*, 533 U.S. 194 (2001)). If the court answers both questions in the affirmative, the official is not entitled to qualified immunity. All facts and inferences are viewed in the light most favorable to the non-moving party, and all disputed facts are resolved in that party's favor. *Id*.

---

[5] Although neither summary judgment motion references Plaintiff's claim for failure to provide medical treatment (*see* Doc 49 -- Judgment decreeing that Plaintiff's claims for failure to provide medical care or aid following arrest survive dismissal). Nonetheless, the Court may consider *sua sponte* whether that claim is likewise barred by statute of limitations. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) ("District courts may dismiss claims *sua sponte* under § 1915(d) [now § 1915(e)] where "'it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations.'") (quoting *Gartrell*, 981 F.2d at 256).

After considering the evidence and applicable law, the Court finds that Defendants Proffitt, Lewis and Hertel are entitled to qualified immunity on Plaintiff's excessive force claims. Claims that police have used excessive force in the course of an arrest must be analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). The force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force (which is measured by the severity of the crime), the danger to the officer, and the risk of flight. *Id.* at 396.

In the case *sub judice*, the summary judgment evidence establishes Defendant Proffitt encountered Plaintiff who matched the description of a robbery suspect. Upon approach, Plaintiff appeared to be intoxicated from consuming alcohol and/or drugs. Due to Plaintiff's level of intoxication, Defendant Proffitt believed that Plaintiff was a danger to himself and others, and used reasonable force to detain Plaintiff. While Defendant Proffitt does not elaborate, these uncontested facts establish that his actions were objectively reasonable. Accordingly, Defendant Proffitt is entitled to qualified immunity as to Plaintiff's excessive force claim.

Additionally, the uncontested evidence establishes that Defendants Lewis and Hertel were not even on duty during the arrest made the basis of Plaintiff's complaint. Thus, they could not have been the officers Plaintiff claims used excessive force to detain him. Therefore, qualified immunity would additionally bar Plaintiff's claims against these Defendants.

**CONCLUSION**

Plaintiff's remaining claims against Defendants Proffitt, Lewis and Hertel should be dismissed with prejudice as barred by the statute of limitations. In the alternative, Defendants should be granted summary judgment on Plaintiff's excessive force claim on the basis of qualified immunity.

**SO RECOMMENDED,** March 28, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE